Opinion issued February 24, 2005










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00176-CR
NO. 01-04-00177-CR
NO. 01-04-00178-CR
____________

FERNANDO MORA DE LA CRUZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court 
Harris County, Texas
Trial Court Cause Nos. 945993, 945851, 945881




MEMORANDUM OPINION
          Appellant, Fernando Mora DeLaCruz, pleaded guilty to two separate
offenses of aggravated robbery and to the offense of aggravated assault. Following
a presentence investigation, the trial court assessed punishment at 25 years’
imprisonment for each of the aggravated robberies, and ten years’ imprisonment
for the aggravated assault, each sentence to run concurrently. In four issues,
appellant contends that the trial court erred by not conducting a competency
inquiry sua sponte and by denying appellant’s motion for new trial, which asserted
that his pleas of guilty were not voluntarily made, and that his trial counsel was
ineffective by not requesting a competency hearing and by not moving to withdraw
appellant’s guilty pleas. We affirm the judgments of the trial court. 
Background
A.      Plea Hearing—October 3, 2003
          At his plea hearing, appellant stated on the record that he (1) understood the
charges against him, (2) understood that, having previously signed a waiver of jury
trial, he had forfeited his right to a trial by jury, (3) pleaded guilty to all three
charged offenses, and (4) realized that, by pleading guilty, he would be sentenced
to not less than five and not more than 99 years or life in prison for the two
aggravated robbery offenses, not less than two and not more than 20 years in
prison for the aggravated assault, and could be fined up to $10,000 for each
offense. In response to further direct questioning by the trial court, appellant
affirmed that he was “in good mental health.” The trial court allowed appellant’s
trial counsel additional time before the punishment hearing to obtain a
psychological evaluation of appellant. 
 

.         Presentence-Investigation Hearing—February 7, 2004
          The record of the presentence-investigation (PSI) hearing shows that
appellant robbed 14-year-old Richard Mayorga at gunpoint and took his backpack
shortly after 6 a.m., during the predawn hours of April 16, 2003, while Mayorga
was waiting for his school bus. A short time later, appellant and an accomplice
robbed Albert Sainz. Sainz was in the driveway outside his home and checking
under the hood of his car before leaving for work when appellant and others
approached him and asked for directions to an address. When Sainz said that the
address was not in that area, an accomplice approached Sainz while holding a
shotgun pointed at him. Appellant demanded and received Sainz’s car keys, wallet
and money and forced him to the ground while the accomplice held the gun to
Sainz’s head. Appellant yelled at the accomplice to “shoot [Sainz] in the head,”
but the assailants fled when neighbors of Sainz intervened. 
          An accomplice fled in the vehicle used to arrive at the scene, and appellant
fled in Sainz’s vehicle, which appellant crashed when police arrived in pursuit. 
Appellant fled the crash scene on foot. He attempted to hide from police by
running into John Caster’s backyard, where he shouted to Caster in Spanish and
pointed his weapon at him. Police later found appellant hiding in a nearby shed. 
Appellant claimed no memory of the offenses, but did remember taking Xanax
during the night before while he was celebrating with friends. He also remembered
that one of his friends stole a radio from a car after breaking a window, and being
told to run because police were in pursuit. Appellant acknowledged that he used
marihuana, stated that he had been depressed, and expressed remorse about the
offenses. 
          Appellant’s adoptive mother described appellant as learning disabled. He
had been treated for hyperactivity and left school, where he did not do well, after
the ninth grade. Appellant began work in roofing construction, did well at that,
earned a good salary, and contributed to the household. Appellant’s mother
acknowledged his substance-abuse problem and also described a head injury that
appellant sustained as a young child, in which he fell two stories from a roof and
was in a coma for two days. 
          The psychologist who examined appellant acknowledged that hyperactivity
can sometimes result from brain trauma, that appellant once had an adverse
reaction to a drug administered for his learning disabilities, and that Xanax is
increasingly associated with violent behaviors. The psychologist interpreted
appellant’s school records as indicating that “he followed the rules and was
basically a good kid,” although he had below normal intelligence. In the
psychologist’s opinion, appellant was not a violent or aggressive person, but was
depressed. The psychologist recommended further neurological testing, including
an MRI to detect any brain damage, treatment for depression, and therapy for
appellant and his family, but found nothing that would prevent appellant from
functioning as a normal, working adult, which he, in fact, was before committing
the offenses. 
C.      Hearing on Motion for New Trial—April 19, 2004
          Appellant’s trial counsel explained that he believed that appellant was
competent and understood the proceedings until he learned, two days before the
PSI hearing, about appellant’s head injury during childhood and a more recent, on-the-job head injury. Appellant’s trial counsel stated that, had he known about these
earlier, he would have requested a competency hearing to “mitigate” punishment. 
An additional factor that counsel found significant was that appellant had berated
him for not accepting a 20-year plea bargain that the State had never offered. 
Counsel also stated that appellant was not able to assist in his defense, although he
agreed that this was because appellant had used drugs just before committing the
offenses. In addition, counsel also acknowledged that, despite recommending an
MRI and therapy, the psychologist who examined appellant expressed no
reservations about his competency, either to counsel or during the PSI hearing. 
                              Competency to Stand Trial
          In his first issue, appellant contends that the trial court erred by failing to
conduct a hearing, sua sponte, to assess appellant’s competency to stand trial. A
person is presumed competent to stand trial and shall be found competent to stand
trial unless proved incompetent by a preponderance of the evidence. Tex. Code
Crim. Proc. Ann. art. 46.02 § 1A(b);


 see Brown v. State, 129 S.W.3d 762, 765
(Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing same). A person is
incompetent to stand trial if the person does not have (1) the sufficient present
ability to consult with that person’s lawyer with a reasonable degree of rational
understanding or (2) a rational as well as factual understanding of the proceedings
against the person. Tex. Code Crim. Proc. Ann. art. 46.02 § 1A(a); see Brown,
129 S.W.3d at 765. When, as here, a defendant pleads guilty, the trial court is not
required to hear evidence concerning competency unless the issue is raised at that
time. See Kuyava v. State, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); Godoy v.
State, 122 S.W.3d 315, 320 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d). 
          Former article 46.02, section 2(a) contemplates that questions of a
defendant’s competency be raised before trial. See Tex. Code Crim. Proc. Ann.
art. 46.02 § 2(a). But, if evidence of the defendant’s incompetency is brought to
the attention of the trial court from any source during trial, the trial court must then
conduct a hearing out of the presence of the jury to determine whether evidence
supports a finding of incompetency. Tex. Code Crim. Proc. Ann. art. 46.02 §
2(b);


 McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003); Brown, 129
S.W.3d at 765. The Legislature adopted former section 2(b) to ensure a
defendant’s constitutional right to a fair trial when evidence of his incompetence is
raised during the trial process. See Alcott v. State, 51 S.W.3d 596, 599 (Tex. Crim.
App. 2001). 
          The trial court’s duties under former article 46.02, section 2(b) encompass
the following five steps, and the requirements of each step must be fulfilled before
proceeding to the next step. McDaniel, 98 S.W.3d at 710-11; Brown, 129 S.W.3d
at 765. If (1) a competency issue is raised by the defendant, any party, or the court,
and (2) evidence of incompetency is brought to the attention of the trial court by
the defendant, any party, or the court itself and is (3) of the type to raise a bona fide
doubt in the judge’s mind regarding the defendant’s competency to stand trial, then
(4) the judge must conduct a competency inquiry to determine whether there is
some evidence sufficient to support a finding of incompetence and, if there is, (5)
the judge must impanel a jury for a “section 4” competency hearing. McDaniel, 98
S.W.3d at 710-11 (emphasis in original); Brown, 129 S.W.3d at 765; see Tex.
Code Crim. Proc. Ann. art. 46.02 § 4.
          A “section 2(b),” or “competency,” inquiry is required only if the evidence
brought to the judge’s attention raises a bona fide doubt in the judge’s mind about
the defendant’s competency to stand trial. Alcott, 51 S.W.3d at 599; McDaniel, 98
S.W.3d at 710; Brown, 129 S.W.3d at 765. A “bona fide doubt” is a “real doubt in
the judge’s mind as to the defendant’s competency.” Mata v. State, 632 S.W.2d
355, 358 (Tex. Crim. App. 1982). Evidence that raises a bona fide doubt “need not
be sufficient to support a finding of incompetence and is qualitatively different
from such evidence.” Id.
          Evidence capable of creating a bona fide doubt may come from the trial
court’s own observations, known facts, evidence presented, motions, affidavits, or
any other claim or credible source. Brown, 129 S.W.3d at 765. Evidence that
shows recent, severe mental illness, at least moderate retardation, or truly bizarre
acts by the defendant, is usually sufficient to raise a bona fide doubt as to
competency. Id. When the record does not demonstrate that a defendant lacked
ability to consult with his counsel or ability to comprehend the proceedings
factually and rationally, however, a trial court does not abuse its discretion by not
conducting a competency inquiry. McDaniel, 98 S.W.3d at 712. A defendant’s
mere assertion that he is incompetent, without offering supporting facts or
evidence, is not sufficient to require a sua sponte competency inquiry. Id. Courts
have also recognized that evidence of a defendant’s drug addiction, depression, or
attempt at suicide can be insufficient to raise a bona fide dispute concerning the
defendant’s competency to stand trial. See Moore v. State, 999 S.W.2d 385, 395
(Tex. Crim. App. 1999); Reeves v. State, 46 S.W.3d 397, 399-40 (Tex.
App.—Texarkana, 2001, pet. dism’d). Likewise, a defendant’s memory gaps
concerning the events of a crime do not necessary give rise to a bona fide dispute
concerning competency. See Jackson v. State, 548 S.W.2d 685, 691 (Tex. Crim.
App. 1977). 
          We review former article 46.02, section 2(b) inquiries for abuse of
discretion, according to the five-step analysis recognized in McDaniel. See
McDaniel, 98 S.W.3d at 710-11; Moore, 999 S.W.2d at 393; Brown, 129 S.W.3d at
765. Although former article 46.02(2)(b) applies only to trial proceedings, see also
Alcott, 51 S.W.3d at 599, appellant also relies on evidence submitted to the trial
court during the hearing on the motion for new trial filed by appellant’s newly
appointed counsel. A defendant’s competency to stand trial may be challenged by
a motion for new trial on a plea of guilty, as occurred here. See Godoy, 122
S.W.3d at 320 (concluding that a defendant who pleads true to motion to revoke
community supervision may challenge competency to stand trial through motion
for new trial); see also Purchase v. State, 84 S.W.3d 696, 699 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (holding that defendant convicted by
jury may raise competency for first time by motion for new trial). 
          Postconviction challenges are also reviewed for abuse of discretion, but not
according to the five-step McDaniel inquiry. Instead, we apply the traditional
standard that governs a trial court’s ruling on a motion for new trial. See Godoy,
122 S.W.3d at 320; Purchase, 84 S.W.3d at 699; Edwards v. State, 993 S.W.2d
171, 176 (Tex. App.—El Paso 1999, pet. ref’d). In applying this standard, we
consider all of the evidence submitted to the trial court on the competency issue at
the hearing on the motion for new trial, which we review from the standpoint that
the trial court has broad discretion to judge the credibility of the witnesses and to
weigh the evidence in determining whether a different result would occur. Godoy,
122 S.W.3d at 320; Edwards, 993 S.W.2d at 176; Dusenberry v. State, 915 S.W.2d
947, 949-50 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). 
          Given appellant’s contentions on appeal, the record before us, and the
standards stated above, we review the trial court’s exercise of its discretion in this
case at three phases, as follows: the plea hearing, the PSI-sentencing hearing, and
the hearing on appellant’s motion for new trial. 
A.      The Plea Hearing
          Nothing in the record of the plea hearing triggered a duty in the trial court to
conduct a competency hearing. The trial court’s questions to appellant and his
responses show that he understood the charged offenses, had signed each of three
waivers of his right to a jury trial and realized the full range of sentences and fines
that he could possibly receive for each offense, but still wished to plead guilty to
each charged offense. When asked whether he was in “good mental health,”
appellant replied “yes.” See generally Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon Supp. 2004-2005) (admonishments required by trial court on plea of
guilty). In addition to the trial court’s having complied with the requirements of
article 26.13, the sworn documents, which the trial court and counsel approved at
the plea hearing, reflect two different recitals in which appellant affirmed his
competency to stand trial. 
          Because nothing before the trial court triggered a duty in the trial court to
conduct a competency hearing sua sponte under the first three McDaniel factors,
see id. at 710-11, the presumption of competency controlled. See Kuyava, 538
S.W.2d at 628; Tex. Code Crim. Proc. Ann. art. 46.02 § 1A(a). We therefore
conclude that the trial court did not abuse its discretion at the plea hearing by not
conducting an article 46.02, section 2(b) competency hearing sua sponte. 
B.      The PSI Hearing
          The record of the PSI hearing contains the first evidence that appellant’s
mother abused drugs and alcohol, and that he sustained a head injury as a child,
had a recent fall, was learning disabled, had below normal intelligence, and had
abused controlled substances, including the Xanax that he voluntary ingested on
the night before the offenses. Yet, none of these, nor a combination of these, under
the record in this case, rose to a sufficient level to indicate recent, severe, mental
illness, mental retardation, or truly bizarre acts, to raise a bona fide doubt as to
appellant’s competency. See Alcott, 51 S.W.3d at 599; Brown, 129 S.W.3d at 765. 
Likewise, appellant’s claimed lack of memory of the events did not, of itself, raise
a bona fide doubt as to his competency, see Jackson, 548 S.W.2d at 691, especially
when weighed against events that he did recall, including that he took Xanax, and
his expression of remorse for his involvement in the offenses, which tended to
contradict lack of competency. 
          The psychologist who examined appellant at his counsel’s request expressed
no concerns about appellant’s competency after a thorough examination of
appellant that included assessments of the significance of appellant’s childhood
brain trauma, an incident in which appellant experienced an adverse reaction to a
drug administered for learning disabilities, and appellant’s having consumed
Xanax during the night before the offense. The psychologist emphasized that
appellant’s history demonstrated that he knew the rules and followed them. 
Although the psychologist recommended further treatment and therapy for
appellant, this was to treat his depression and not because of concerns about
appellant’s competency. 
          Depression and drug use do not suffice to raise a bona fide dispute as to
competency. See Moore, 999 S.W.2d at 395; Reeves, 46 S.W.3d at 399-40. The
psychologist emphasized that appellant was neither violent nor aggressive, and,
although the psychologist recommended further neurological testing to detect any
brain damage from the head trauma, he nevertheless concluded that appellant’s
problems did not prevent him from functioning as a normal adult. As the
psychologist further observed, with the exception of the charged offenses,
appellant had functioned in that manner in his family life and work. 
          The record before the trial court at the PSI hearing did not suggest either that
appellant could not consult with his counsel, with the exception of his inability to
recall the offenses because of having ingested Xanax, or that he could not
understand the proceedings. See McDaniel, 98 S.W.3d at 712. Accordingly, the
record did not give rise to a bona fide doubt concerning appellant’s competency
under the first three steps of the McDaniel five-step analysis. See id. at 710-11. 
We therefore conclude that the trial court did not abuse its discretion by not
inquiring, sua sponte, into appellant’s competency at the PSI hearing. 
C.      The Hearing on Appellant’s Motion for New Trial
          At the hearing on appellant’s motion for new trial, appellant’s trial counsel
testified that he was concerned that appellant might not have been competent to
stand trial. Trial counsel based this concern on appellant’s outburst to counsel for
not accepting an offer that the State had never made. Counsel believed that this
confusion might have some connection with the head trauma that occurred when
appellant was a child and appellant’s adverse reaction to a drug administered for
his learning disabilities, both of which counsel discovered only shortly before the
PSI hearing. Trial counsel conceded, however, that he believed appellant was
competent until that time, and that the psychologist who examined appellant never
conveyed any doubt about appellant’s competency, either to counsel, before the
PSI hearing, or at the PSI hearing. 
          Despite counsel’s expressed concerns at the hearing on the motion for new
trial, that appellant was incompetent to stand trial, the trial court acted within its
discretion by determining that counsel’s testimony was insufficient to show that
appellant was incompetent to stand trial. See Godoy, 122 S.W.3d at 320.
Appellant’s confusion over the terms of a plea bargain and his outburst do not
necessarily show that he was incompetent. See Mata, 632 S.W.2d at 358; Jackson,
548 S.W.2d at 691. More importantly, the psychologist who assessed appellant did
not express concerns about appellant’s competency, despite his past injuries and
history. In addition, the record reflects that appellant’s inability to recall details of
the offenses was due to his having voluntarily consumed Xanax during the night
before the offenses. Finally, the trial court could have balanced trial counsel’s
expressed concerns about appellant’s competency against counsel’s
acknowledgment that he hoped that his concerns would mitigate punishment. 
          After considering the evidence before the trial court at the hearing on the
motion for new trial, and after reviewing that evidence within the trial court’s
broad discretion to consider and weigh evidence pertaining to competency, we
conclude that the trial court did not abuse its discretion by denying appellant’s
motion for new trial. See Godoy, 122 S.W.3d at 320. 
          We overrule appellant’s first issue. 
Voluntariness of Pleas
          In his third issue, appellant contends that the trial court erred by denying
appellant’s motion for new trial on the grounds that his pleas of guilty were not
voluntarily made because he “did not know what he was doing when he entered his
plea[s].” As addressed above, the trial court’s admonishments to appellant
conformed to the requirements of article 26.13 of the Code of Criminal Procedure,
and appellant’s sworn statements and waivers recite his awareness of the
consequences of his guilty pleas. 
          The record of the trial court’s admonishments to the defendant at the plea
hearing determines whether the plea was knowingly and voluntarily given. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Appellant
recognizes that a proper admonishment on punishment, as occurred here,
constitutes a prima facie showing that his pleas were voluntary, and that the burden
therefore shifted to him to show that he entered his pleas without understanding the
consequences. See Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985). 
          Just as nothing before the trial court at the plea hearing gave rise to a bona
fide issue concerning appellant’s competency, nothing in the record of that hearing
suggests that appellant’s pleas were involuntary. Because appellant averred that
each of his pleas was voluntary at the original plea hearing, both orally and in
writing, he has a heavy burden on appeal to show, from a later hearing, that his
pleas were involuntary. See id.; Dusenberry, 915 S.W.2d at 949. 
          The totality of circumstances of each case determines voluntariness. 
Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). We review the entire record to determine whether appellant met his burden,
but are entitled to presume, based on the record of the plea hearing and appellant’s
sworn statements, that the proceedings and the judgments were regular. 
Dusenberry, 915 S.W.2d at 949; see Ex parte Wilson, 716 S.W.2d 953, 956 (Tex.
Crim. App. 1986). 
          The trial court acted within its discretion by rejecting, as incredible,
appellant’s claim that he “did not know what he was doing,” because that claim
conflicts with the following: (1) appellant’s oral and written statements to the trial
court during the hearing on his pleas of guilty; (2) the testimony of appellant’s
psychologist, who expressed no concerns about appellant’s competency and noted
that appellant functioned as an adult despite learning disabilities and depression;
and (3) the remorse that appellant expressed concerning the offenses, all of which
contravene appellant’s claim that he pleaded guilty involuntarily.
          Based on the record of all the proceedings before the trial court, including the
hearing on appellant’s motion for new trial, the trial court could have reasonably
concluded that appellant had not met his burden to defeat the showing, in his plea
papers and at his plea hearing, that his plea was involuntary on the grounds that he
did not understand its consequences. See Fuentes, 688 S.W.2d at 544. 
Accordingly, the trial court did not abuse its discretion by denying appellant’s
motion for new trial on that ground. See Dusenberry, 915 S.W.2d at 949. 
          We overrule appellant’s third issue.
Ineffective Assistance of Counsel
          In his second and fourth issues, appellant contends that his trial counsel was
ineffective because (1) he did not request a competency hearing and (2) did not
move to withdraw appellant’s guilty plea. We review claims of ineffective
assistance of counsel under the standards set forth in Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Hernandez v. State, 726 S.W.2d
53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). To be entitled to a new trial on the
ground that his trial counsel was ineffective, appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel
under the Sixth Amendment, and that (2) but for counsel’s error, the result of the
proceedings would have been different. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; Gamble, 916 S.W.2d at 93. In determining whether the Strickland test has
been met, we focus on the totality of the representation afforded, under the
circumstances presented by each case, and do not focus on individually alleged
errors. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Ex
parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). 
          The defendant bears the burden to prove ineffective assistance of counsel and
must overcome the presumption that the challenged action might be considered
sound trial strategy under the circumstances of the case. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065; Gamble, 916 S.W.2d at 93. A claim of ineffective
assistance of counsel must be firmly supported in the record, McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996), and the defendant must prove his
contention by a preponderance of the evidence. See Jackson v. State, 973 S.W.2d
954, 956 (Tex. Crim. App. 1998). The constitutional right to counsel does not mean
errorless counsel or counsel whose competency is judged by hindsight. Doherty v.
State, 781 S.W.2d 439, 441 (Tex. App.—Houston [1st Dist.] 1989, no pet.). 
Likewise, counsel is not ineffective for not pursuing actions or motions that would
have proved useless or futile. See Mooney v. State, 817 S.W.2d 693, 698 (Tex.
Crim. App. 1991); see also Roberson v. State, 852 S.W.2d 508, 511 (Tex. Crim.
App. 1993) (concluding that counsel not ineffective for failing to secure rulings on
pretrial motions without showing that rulings would have changed outcome of
case).
          Appellant’s contentions, that his trial counsel was ineffective by not
requesting that appellant be examined for competency and by not moving to
withdraw appellant’s guilty plea on the grounds of incompetency, relate to and are
controlled by our dispositions of his first and third issues. In addressing these
issues, we concluded that the trial court had no duty to conduct a competency
inquiry sua sponte, and that the trial court did not abuse its discretion by rejecting
appellant’s claim that he pleaded guilty involuntarily and denying appellant a new
trial. Those conclusions compel the additional conclusion that requesting a
competency examination and moving to withdraw appellant’s guilty plea on the
grounds of lack of voluntariness would have been useless or futile. Settled law
prohibits finding counsel ineffective for failing to request what would have been
useless or futile to request because of lack of grounds to support the request. See
Mooney, 817 S.W.2d at 698; Roberson, 852 S.W.2d at 511. Having thus concluded
that trial counsel was not ineffective, we need not address the second prong of the
Strickland test. 
          We overrule appellant’s second and fourth issues. 
Conclusion
          We affirm the judgments of the trial court. 
 
 
                                                                        Elsa Alcala
    Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).