In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01090-CR
____________

KRISTIAN ANTHONY BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court 
Harris County, Texas
Trial Court Cause No. 911238 
 


            O P I N I O N

          Appellant, Kristian Anthony Brown, pleaded not guilty to the offense of
aggravated robbery, but was found guilty by a jury, which assessed his punishment
at 20 years’ confinement in prison and a $60 fine. In three issues, appellant
contends that the trial court erred by not holding a competency hearing sua sponte
when evidence adduced at trial indicated appellant might be incompetent to stand
trial, in violation of appellant’s rights under state laws and the United States
Constitution, and that his trial counsel was ineffective. We affirm.
Background
          On the evening of April 3, 2002, David Norton pulled into a drive-thru
Automatic Teller Machine (ATM). After withdrawing cash from the machine, he
looked up to find appellant standing next to his car, pointing a gun at him.
Appellant demanded Norton’s money and ordered him to withdraw more money
from the ATM. Norton remained in his car, handed appellant his money, and
attempted to withdraw more money from the ATM. When Norton accidentally
dropped his ATM card, he noticed that appellant was distracted. Norton then put
his car into gear and quickly drove off toward another end of the lot. A fence at
the end of the lot prevented Norton from driving any further. In fear that appellant
might approach him again, Norton repeatedly honked the horn on his car, which
resulted in appellant’s departure from the scene. 
          Surveillance cameras located inside and around the ATM machine captured
photographs of the robbery, which were distributed by a police officer to local
police storefronts in an effort to determine if anyone might recognize the robber. 
Officer John Jackson recognized appellant from the surveillance photos. Appellant
was placed in a live lineup and was positively identified by Norton.
          Before trial, appellant’s counsel requested that an expert from the Mental
Health and Mental Retardation Association (MHMRA) examine appellant to
determine his competency to stand trial and his sanity at the time of the offense.
Dr. Ramon Laval, a licensed psychologist, examined appellant in jail and
determined that he was both competent and sane. During the interview, appellant
indicated that he was aware of his legal predicament and the charges against him. 
After the interview, Dr. Laval concluded that “appellant was not suffering from
mental defects or mental disease of sufficient severity to prohibit him from
standing trial at the present time.” Dr. Laval also indicated that “appellant
demonstrated the ability to consult with his counsel with a reasonable degree of
rational understanding, and he has a rational, as well as a factual understanding of
the legal proceedings against him.” Additionally, Dr. Laval’s sanity evaluation
indicated that “appellant did not meet the criteria for the insanity defense.” There
were no other inquiries made, nor any other indications that appellant was
incompetent to stand trial after Dr. Laval’s evaluation, nor any requests from any
party that the trial court hold a competency hearing. 
Competency to Stand TrialIn his first two issues, appellant contends that evidence adduced at the
punishment phase indicated that he might be incompetent to stand trial and that his
state and federal constitutional rights were violated because the trial court did not
order a competency hearing sua sponte. Appellant alleges that the psychiatric
evidence presented at his trial should have alerted the court to conduct a “section
2(b) inquiry” sua sponte, even though neither his attorney nor the State ever
requested a competency determination by the court or the jury. 
          The standard of review on appeal is whether the trial court abused its
discretion in failing to conduct a competency hearing. See Moore v. State, 999
S.W.2d 385, 393 (Tex. Crim. App. 1999). A defendant is presumed competent to
stand trial and shall be found competent to stand trial unless proved incompetent
by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 46.02 §
1A(b) (Vernon Supp. 2004). A person is incompetent to stand trial if he does not
have (1) sufficient present ability to consult with his attorney with a reasonable
degree of rational understanding or (2) a rational as well as factual understanding
of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46.02 § 1A(a)
(Vernon Supp. 2004).  
          If, during a defendant’s trial, evidence of the defendant’s incompetency is
brought to the attention of the trial court from any source, the court must conduct a
hearing out of the presence of the jury to determine whether or not there is
evidence to support a finding of incompetency to stand trial. Tex. Code Crim.
Proc. Ann. art. 46.02 § 2(b) (Vernon Supp. 2004). A trial court must conduct a
non-jury hearing, known as a “section 2” inquiry, on whether to hold a jury trial on
the defendant’s incompetency if evidence of the defendant’s incompetency is
brought to the attention of the court from any source. McDaniel v. State, 98
S.W.3d 704, 710 (Tex. Crim. App. 2003). A section 2, or “competency,” inquiry is
required only if the evidence brought to the judge’s attention raises a bona-fide
doubt in the judge’s mind about the defendant’s competency to stand trial. Id. 
Evidence is usually sufficient to create a bona-fide doubt if it shows recent, severe
mental illness, at least moderate retardation, or truly bizarre acts by the defendant. 
Id. When such a bona-fide doubt does exist, the court must conduct the section 2
competency inquiry to determine whether there is “some evidence” to support a
finding of incompetency, and, if so, to commence a section 4 competency hearing
before a jury. Id.; see Tex. Code Crim. Proc. Ann. art. 46.02 § 4 (Vernon Supp.
2004). 
          Accordingly, (1) if a competency issue is raised by the defendant, any party,
or the court, and (2) evidence of incompetency is brought to the attention of the
trial court by the defendant, any party, or the court and is (3) of the type to raise a
bona-fide doubt in the judge’s mind regarding the defendant’s competency to stand
trial, then (4) the judge must conduct a section 2 competency inquiry to determine
if there is some evidence sufficient to support a finding of incompetence, and, if
there is, (5) the judge must impanel a jury for a section 4 competency hearing. 
McDaniel, 98 S.W.3d at 710-11. The requirements of each step must be fulfilled
before the next step becomes applicable. Id. The naked assertion, “I am
incompetent,” unsupported by any facts or evidence, is not sufficient, by itself, to
require either a competency inquiry under section 2 or a competency hearing
before a jury under section 4. Id. at 711.
          Evidence capable of creating a bona-fide doubt about a defendant’s
competency may come from the trial court’s own observations, known facts,
evidence presented, motions, affidavits, or any other claim or credible source. 
Brown v. State, 960 S.W.2d 772, 774 (Tex. App.—Dallas 1997, pet. ref’d). If the
evidence presented warrants a competency hearing, and the trial court denies such
a hearing, the defendant is deprived of his constitutional right to a fair trial. Pate v.
Robinson, 383 U.S. 375, 385, 86 S. Ct. 836, 842 (1966). “The conviction of an
accused person while he is legally incompetent violates due process.” 383 U.S. at
378; 86 S. Ct. at 838.


 During the punishment phase of appellant’s trial, testimonial and
documentary evidence revealed appellant’s history of mental and behavioral
problems from 1995 to 2001, including serious mental health issues before 1998. 
Evidence also established that appellant, who could not remember the events of the
aggravated robbery, had been depressed, diagnosed with Attention Deficit
Hyperactivity Disorder (ADHD), and had been treated with various medications. 
           No evidence, however, from any source during the trial documented any
present or recent clinical proof of appellant’s incompetency during 2002, the year
in which the trial was held. Appellant’s previous mental and behavioral
impairments, his inability to recall past events, his inability to recall the
circumstances of his charged offense, his mental status at the time of his charged
offense, and his depression do not establish the required elements of incompetency
concerning his present ability to consult with his counsel with a reasonable degree
of understanding, and a rational and factual understanding of the proceedings
against him. See Rice v. State, 991 S.W.2d 953, 957 (Tex. App.—Fort Worth
1999, pet. ref’d) (holding that competency test is not whether someone labored
under mental, behavioral, or psychological impairment); Townsend v. State, 949
S.W.2d 24, 27 (Tex. App.—San Antonio 1997, no pet.) (holding that competency
test is not met by evidence of depression or mental illness); Valdes-Fuerte v. State,
892 S.W.2d 103, 108 (Tex. App.—San Antonio 1994, no pet.) (holding that
competency test not met by evidence of insanity at time of offense). We conclude
that nothing in the record raised the issue of appellant’s inability to consult with his
counsel or his inability to understand the proceedings and the charges against him
at anytime during the trial, and, therefore, that the evidence was insufficient to
create a bona-fide doubt as to appellant’s competency. 
          Appellant has failed to establish that the trial court abused its discretion by
failing to conduct a section 2 competency inquiry to determine whether there was
some evidence sufficient to support a finding of incompetence and by failing to
impanel a jury for a section 4 competency hearing. See McDaniel, 98 S.W.3d at
710-1. Accordingly, appellant has not established that his due process rights were
violated. We hold that the trial court did not abuse its discretion by not conducting a
competency inquiry and competency hearing sua sponte. 
          We overrule appellant’s first two issues. 
Ineffective Assistance of Counsel
          In his third issue, appellant contends that he received ineffective assistance
of counsel because his counsel did not request a competency hearing, did not raise
the defense of insanity, and did not insist on a competency hearing during the
punishment phase. The standard of review for evaluating claims of ineffective
assistance of counsel requires that appellant show (1) that his counsel’s
performance was so deficient as to fall below the objective standard of professional
norms, and (2) but for his counsel’s error, there is a reasonable probability that the
result of the proceedings would have been different. See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). Appellant has the burden to prove ineffective
assistance of counsel and to rebut the presumption that counsel was acting on
sound trial strategy. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An appellate court will not
conclude that the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in such
conduct. Bone, 77 S.W.3d at 833 n.13.Appellant’s complaints concerning his trial counsel’s effectiveness pertain to
counsel’s failure to pursue the defense of insanity and to request competency
hearings, particularly after appellant’s mother’s testimony and the introduction of
the numerous medical records documenting a history of mental illness into
evidence. The record established that trial counsel requested that appellant be
examined by a licenced psychologist at MHMRA. Dr. Laval, who performed that
evaluation, determined that appellant was competent to stand trial and sane at the
time of the offense. During the evaluation, appellant indicated he understood the
following: the roles and functions of his counsel, the charges against him, the date
of the alleged offense, and the circumstances leading up to his arrest. 
          No evidence in the record demonstrates that appellant was incompetent or
insane. No evidence in the record demonstrates counsel’s trial strategy in not
pursuing an insanity defense or competency inquiries. When the record is silent as
to counsel’s trial strategy, an appellate court may not speculate about why counsel
acted as he did. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Additionally, a claim of ineffective assistance of counsel must be firmly supported
by the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
We will not assume that counsel did not investigate a defense when the record is
merely silent as to the depth of counsel’s investigation. See Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986). Appellant has not shown that his counsel’s performance fell below the
objective standard of professional norms or that counsel’s representation was so
deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. Accordingly,
we conclude that appellant’s trial counsel was not ineffective by failing to request a
competency inquiry or a competency hearing, or by failing to raise the defense of
insanity. 
          We overrule appellant’s third issue.
 

Conclusion
We affirm the judgment of the trial court. 
 
 
 
    Elsa Alcala
    Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.
 
Publish. Tex. R. App. P. 47.2(b).