NO. 07-05-0431-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 6, 2006

_____

MANUEL RUELAS-SIGALA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;

NO. 3802; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Manuel Ruelas-Sigala was convicted by a jury of indecency with a child and sentenced to ten years confinement. By a single issue, appellant contends he was denied effective assistance of trial counsel. We affirm.

Appellant was indicted for exposing his genitals to two girls, ages eleven and nine, at the Perryton swimming pool. Both girls testified at trial that between 3:00 and 3:30 p.m.

on June 13, 2003, they saw appellant looking at them while they were in the water with his penis outside of his shorts. Following the incident, both girls were able to identify appellant out of a photo lineup. The girls' testimony was corroborated by a lifeguard who testified she observed appellant in the pool that day and observed him masturbating in the pool while looking at young girls two days later on June 15. Following the second incident, appellant was arrested and the cases were consolidated for a single trial.

Appellant, who testified through an interpreter, admitted he was at the pool on June 15 but claimed he was not at the pool on June 13 because he did not return from his job in Tribune, Kansas until 3:30 p.m. When challenged on cross-examination, appellant claimed his brother had papers proving he did not return to Perryton until 3:30. However, appellant's brother was not available to testify at trial. Appellant's supervisor, who was with appellant that day, testified the crew returned to Perryton at 3:30 p.m. But, when confronted with his prior statement, he admitted it was probably closer to 2:00 p.m. Another member of appellant's crew testified that due to inclement weather, the crew returned to Perryton at approximately 2:00 p.m.

Ineffectiveness of counsel is reviewed under the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the

2

outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, appellant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002); Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 814 (citing *Strickland*, 466 U.S. at 700).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id.* Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. *See e.g.*, Andrews v. State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005); Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr. App. 2002). To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813-14.

Appellant maintains trial counsel's representation was deficient in four specific areas. First, he alleges the language barrier between him and counsel rendered the amount of time before trial insufficient for counsel to adequately prepare. We disagree. The record

3

indicates trial counsel was appointed on February 26, 2004, and trial began on March 29, 2004. Appellant fails to direct us to any evidence in the record, and we find no such evidence, suggesting he had difficulty communicating with counsel prior to trial, or that after one month, counsel was inadequately prepared for trial. Moreover, appellant fails to explain how additional time to prepare for trial would have assisted his defense. Accordingly, appellant has failed to prove error in this regard. *See id.*

Next, appellant claims trial counsel made no effort to locate his brother who could have provided documentation as to his location at the time of the offense. On cross-examination, appellant testified his brother had papers which would prove he returned to Perryton at 3:30 p.m. instead of 2:00 p.m. When the State questioned him regarding his brother's whereabouts, appellant replied, "Well he is working and I can't be bothering him every time I have hearings." Appellant's response tends to suggest either he or counsel made a conscious decision regarding whether or not to call his brother as a witness. In addition, counsel fails to direct us to any evidence in the record which would attribute the fact his brother was not called to testify to counsel's failure to properly investigate. Absent further evidence regarding counsel's trial strategy, we cannot say counsel's representation here was deficient.

Appellant next contends counsel failed to raise the issue of his incompetency to stand trial. Appellant alleges his "language barrier and cultural differences" prevented him from having the ability to consult with trial counsel with any reasonable degree of

understanding. He also claims he was unable to fully comprehend the questions presented to him on direct and cross-examination. We disagree.

A defendant is presumed to be competent to stand trial unless proven incompetent by a preponderance of the evidence. Tex. Code. Crim. Proc. Ann art. 46B.003(b) (Vernon Supp. 2005). A defendant is incompetent to stand trial if he lacks "sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding; or . . . a rational as well as factual understanding of the proceedings against [him]." *Id.* at (a). Either party or the trial court may suggest by motion that the defendant may be incompetent to stand trial. *Id.* at 46B.004(a). If bona fide evidence from any source suggesting a defendant's incompetency is brought to the trial court's attention, the court must determine by informal inquiry whether the evidence would be sufficient to support a finding that the defendant may be incompetent to stand trial. *See id.* at 46B.004(b)-(c). Generally, bona fide evidence exists only if the evidence indicates recent severe mental illness, moderate mental retardation, or truly bizarre acts by the defendant. McDaniel v. State, 98 S.W.3d 704, 710 (Tex.Cr.App. 2003) (citing Alcott v. State, 51 S.W.3d 596, 602 (Tex.Cr.App. 2001)).

In the present case, none of the evidence cited by appellant would suggest recent severe mental illness, moderate mental retardation, or truly bizarre acts on his behalf. Furthermore, any language barriers or cultural differences were surmounted when the court provided appellant with a qualified sworn interpreter, and appellant did not complain about the adequacy of the translation. In fact, the record reflects the trial court expressed some

5

concern that appellant was purposely not understanding the questions asked. Because there was insufficient evidence to warrant an inquiry into appellant's competency, we find counsel was not ineffective when he failed to raise the issue at trial. *See e.g.,* LaHood v. State, 171 S.W.3d 613, 623 (Tex.App.–Houston [14th Dist.] 2005, pet. ref'd); Brown v. State, 129 S.W.3d 762, 767 (Tex.App.–Houston [1st Dist.] 2004, no pet.).

Finally, appellant contends counsel failed to object to the State's improper jury argument. During closing arguments, counsel for the State made the following comments regarding appellant's bond premium:

> I'm sorry he had to pay that. But I really don't care. You know, I don't think in Mexico that they think the punishment is paying the bond premium. I don't think in Mexico they think the punishment ought to be paying the lawyer. I don't buy this nonsense that you just buy your way out in Mexico.
>
> I'm sorry, I don't believe that's the way it is in Mexico, and if it was, so what? This is the United States of America. He is a guest in our country . . . . And as a guest in our country, you live by our rules or you get out. . . . And it's time for you to say to him, "No, you haven't been punished enough, friend, but we are going to return a verdict of guilty and we will see what the judge of this court thinks is appropriate punishment for you . . . ."

Appellant claims this argument by counsel was an improper attempt to inflame the jury. We disagree.

Proper jury argument may include (1) a summation of the evidence presented at trial; (2) reasonable deductions drawn from evidence presented at trial; (3) a response to opposing counsel's argument; or (4) a plea for law enforcement. Lagrone v. State, 942 S.W.2d 602, 619 (Tex.Cr.App. 1997). To constitute reversible error, the argument must be

6

violative of a statute, inject new facts harmful to the accused into the trial proceedings, or be manifestly improper, harmful, and prejudicial to the rights of the accused. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex.Cr.App. 2000).

Here, appellant testified he had already been punished because he had to pay a lawyer and his bond premium prior to trial. The State's argument here summarizes testimony and consists of a plea for law enforcement with reference to appellant's status as a resident alien. Reviewing the remarks in context, we do not find them to be manifestly improper, harmful, or prejudicial to the rights of appellant. Therefore, counsel did not err by failing to object.

Absent further evidence regarding counsel's trial strategy and provided the presumption that trial counsel's conduct falls within the wide range of reasonable and professional representation, no reversible error is demonstrated. See Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). Appellant's issue is overruled.

Accordingly, the trial court's judgment is affirmed.


Don H. Reavis
Justice

Do not publish.