NO












NO. 12-05-00237-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

MALCOLM DONALD BROWN,                            §          APPEAL FROM THE 2ND

APPELLANT

 

V.                                                                                §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                               §          CHEROKEE COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Malcolm
Donald Brown appeals his conviction for indecency with a child and aggravated
sexual assault.  In two issues, Appellant
complains that the trial court erred when it did not initiate an evaluation of
his competency and that the trial court should have granted his motion for a
new trial.  We affirm.

Background

            Appellant
pleaded guilty to the offenses of indecency with a child and aggravated sexual
assault.  A determination of guilt was
deferred, and he was placed on community supervision.  The following year, the State filed a motion
to adjudicate guilt alleging that Appellant had violated the terms of his
community supervision.

            A
hearing was held, and Appellant pleaded “true” to several of the allegations,
including that he had failed to perform community service, failed to attend and
participate in a sex offender treatment program, and failed to report a change
of address.  After a hearing, the trial
court found Appellant guilty and assessed punishment at twenty years of
imprisonment for the indecency with a child offense and twenty five years of
imprisonment for the aggravated sexual assault offense.  








            Appellant
filed a motion for a new trial alleging that “at the time during which [Appellant]
is alleged to have been lax in his participation in the sexual offenders
treatment class, Defendant was being treated for depression and was taking the
anit-depressant [sic] Wellbutrin.”  The
trial court held a hearing and denied the motion for a new trial.  This appeal followed.

 

Competency








            In
his first issue, Appellant contends that the trial court should have, sua
sponte, ordered a competency examination when he alleged that he had been
suffering from depression and had been taking medication.  Even if no party requests it, a court must
conduct an informal inquiry into a defendant’s competency if information comes
to its attention raising a bona fide doubt as to the defendant’s competency.  Tex.
Code Crim. Proc. Ann. art. 46B.004(c) (Vernon 2005); McDaniel v.
State, 98 S.W.3d 704, 710-11 (Tex.
Crim. App. 2003).  We review a trial
court’s failure to conduct that inquiry for an abuse of discretion.  Moore
v. State, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999).     A
defendant is presumed competent to stand trial. Tex Code Crim. Proc. Ann. art. 46B.003(b)
(Vernon 2005).  A defendant is
incompetent to stand trial if he does not have a sufficient present ability to
consult with his attorney with a reasonable degree of rational understanding,
or  a rational as well as a factual
understanding of the proceedings against him. 
Id.
art. 46B.003(a).

            Evidence
that creates a bona fide doubt about a defendant's competency may come from the
trial court’s own observations, known facts, evidence presented, motions,
affidavits, or any other claim or credible source.  Brown v. State, 129 S.W.3d 762,
765 (Tex.
App.–Houston [1st Dist.] 2004, no pet.). 
Evidence of recent, severe mental illness, at least moderate
retardation, or truly bizarre acts by the defendant is usually sufficient to
raise a bona fide doubt as to a defendant’s competence.  McDaniel, 98 S.W.3d at 710. 

            There
is no evidence in this case that should have raised a bona fide doubt that
Appellant was competent.  There was no
complaint to the trial court that Appellant was incompetent, and the issue was
not raised in the motion for a new trial.[1]  Appellant offered the evidence about his
depression to explain why he had difficulty maintaining his focus on therapy,
not to suggest that he could not understand the proceedings or assist his
attorney.  The trial court had ample
opportunity to see and hear Appellant as he testified, and Appellant did not
engage in any outbursts or display any unusual

 

thought patterns.  Cf., e.g., Lawrence v. State,
169 S.W.3d 319, 322–23 (Tex. App.–Fort Worth 2005, pet. ref’d).  While depression can be a serious condition,
we think that it overstates the matter to suggest that a trial court must
inquire into a defendant’s competency each time a person mentions that he has
been diagnosed with depression or given a prescription.  Aside from the mention of depression, there
was no evidence, from any source, that should have prompted the trial court to
conduct an informal inquiry into Appellant’s competence.  The trial court did not abuse its discretion
when it did not conduct a informal inquiry to determine if Appellant was
competent at the hearing on the motion for a new trial.  We overrule Appellant’s first issue.

 

Motion for
New Trial

            In
his second issue, Appellant complains that the trial court should have granted
his motion for a new trial to allow evidence in mitigation to be presented and
that the failure to do so violated his due process rights.  

            Motions
for new trial may be granted for a number of reasons, including in the “interest
of justice.”  Tex. R. App. P. 21.3; State v. Aguilera, 165
S.W.3d 695, 698-99 n.9 (Tex. Crim. App. 2005) (citing State v. Gonzalez,
855 S.W.2d 692, 694 (Tex. Crim. App. 1993)). 
We review a trial court’s ruling on a defendant’s motion for new trial
for an abuse of discretion.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex.
Crim. App. 2001).  The trial court did
not abuse its discretion, and Appellant’s due process rights were not
violated.  Appellant was permitted to
present all the evidence he wished at the hearing on his motion for new
trial.  While a trial court has wide
discretion to grant a motion for a new trial, it need not do so merely to allow
evidence to “be more fully presented and considered.”  If Appellant wished to present additional
evidence to be considered by the trial court, he could have done so at the
hearing on the motion for a new trial. 
We overrule Appellant’s second issue.

Disposition

            We
affirm the judgment of the trial court.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered July 12, 2006.

Panel consisted of Worthen,
C.J. and Griffith, J.

 

 

(DO NOT PUBLISH)











[1] Prior to trial, Appellant filed a motion for
the appointment of an expert witness to assist with the defense and “to
determine and assess the precise significance of [Appellant’s] psychological
condition.”  The motion did not suggest
that Appellant was incompetent, although it did recite that he had not been
previously evaluated for competency or sanity.