Affirmed and Majority and Concurring Opinions filed June 30, 2009








Affirmed and Majority and Concurring Opinions filed June 30,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00386-CR

____________

 

JUSTIN ANDREW KOSTURA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 1131519

 



 

M A J O R I T Y   O P I N I O N

Appellant Justin Andrew Kostura was convicted following a
bench trial of indecency with a child and sentenced to twenty-five years= imprisonment.  In
his sole issue on appeal, he contends that the trial court erred by not
conducting a competency inquiry sua sponte.  We affirm.








Appellant was released from prison in July of 2007.  In
September of 2007, the State charged appellant with indecency with a child, his
cousin=s daughter, who
was two years old at the time of the offense.  At trial, the child=s mother testified
that she witnessed appellant place his hand inside the child=s diaper and rub
the child=s genital area.  Appellant testified that he had not
rubbed the child=s genitals, but had merely checked the
side of the child=s diaper to see if it was wet because he
had smelled a stench.  The trial court found appellant guilty and recessed the
trial for preparation of a pre-sentencing investigation report (PSI).

To supplement the PSI,
appellant=s trial counsel prepared a
Sentencing Memorandum, which summarized medical records from appellant=s previous incarceration as
follows:

Diagnosis;

Schizoaffective Disorder

Impulse Control Disorder

03/17/06      [Appellant] striking knuckles against edge of bed.

10/25/06      [Appellant] derailing himself from sessions with                   hyperreligious
and witchcraft themes, Athe devil                  got him
. . . .@

10/27/06      [Appellant] complaining about repetitive noises,                  said
it=s like physical pain

11/02/06      [Appellant] hearing voices for a long
time,                                  [appellant] requesting more medication

11/03/06      [Appellant] states stepfather abused him, also cut                himself
on the chest, hearing voices, feeling                                paranoid
and depressed

11/05/06      Hears voices like a whisper

11/07/06      Having hallucinations, [appellant] is depressed,                   hears
voices and sees shadows  

11/13/06      I am real paranoid and hear voices,
[appellant]                            states he is good and bad

11/16/06      Still hearing murmuring voices, mood changes to                mad
to sad, has not hurt himself since moving to                  Jester IV

11/28/06      Partial remission psychoticChearing voices and                 tremors in hands








09/27/07      Mutilation to left upper chest, laceration 2 inches                long

10/06/07      [Appellant]
seen with laceration to left upper                             chest,
[appellant] said Ahe had a fight with
the                            devil.@

[Emphasis
added].  However, the medical records summarized by and attached to the
sentencing memorandum reveal that the last two incidents occurred in September
and October of 2006, rather than in 2007, as reported by appellant=s trial counsel. 
Also, the medical records and trial testimony show that appellant=s previous
incarceration ended in July of 2007.  

At the punishment hearing, appellant=s mother testified
that he was treated at the Mental Health and Mental Retardation Authority
(MHMRA) when he was younger.  She also testified that appellant had been
diagnosed with bipolar schizophrenia during his prior incarceration.  Neither
the parties nor the trial court raised the issue of appellant=s competence to
stand trial.  Appellant now asserts that the trial court erred by not
conducting a competency inquiry sua sponte.








We review a trial court=s failure to
conduct a competency inquiry for an abuse of discretion.  Lahood v. State,
171 S.W.3d 613, 617B18 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d); see also Moore v. State, 999
S.W.2d 385, 393 (Tex. Crim. App. 1999).  A defendant is not competent to stand
trial if he lacks (1) a sufficient present ability to consult with his attorney
with a reasonable degree of rational understanding or (2) a rational as well as
factual understanding of the proceedings against him.  Tex. Code Crim. Proc. Ann. art. 46B.003(a) (Vernon 2006).  If
evidence raising a bona fide doubt as to the defendant=s competence to
stand trial comes to the trial court=s attention, the
trial court shall sua sponte Asuggest that the defendant may be
incompetent to stand trial@ and then Adetermine by
informal inquiry whether there is some evidence from any source that would
support a finding that the defendant may be incompetent to stand trial.@  Id. art.
46B.004 (Vernon 2006); See Fuller v. State, 253 S.W.3d 220, 228 (Tex.
Crim. App. 2008).  A bona fide doubt is Aa real doubt in
the judge=s mind as to the defendant=s competency.@  Alcott v.
State, 51 S.W.3d 596, 599 n.10 (Tex. Crim. App. 2001).  Evidence raising a
bona fide doubt Aneed not be sufficient to support a
finding of incompetence and is qualitatively different from such evidence.@  Id. 
Evidence is usually sufficient to create a bona fide doubt if it shows Arecent severe
mental illness, at least moderate retardation, or truly bizarre acts by the
defendant.@  McDaniel v. State, 98 S.W.3d 704, 710 (Tex.
Crim. App. 2003).








Here, appellant argues that the sentencing memorandum
contained evidence of recent severe mental illness and truly bizarre acts that
should have created a bona fide doubt as to appellant=s competency, such
that the trial court erred by failing to conduct a competency inquiry sua
sponte.  As noted above, our review of the medical records summarized in the
sentencing memorandum shows that appellant=s trial counsel
apparently erred by reporting two incidents as occurring in 2007, because the
incidents were actually documented as occurring in 2006.  Indeed, it is clear
from the record that appellant=s incarceration at the facility where the
records were taken ended well before the dates reported in the summary. 
Appellant relies on that error to argue that the trial court was presented with
evidence that appellant suffered from a recent, severe mental illness within
four months of the trial date, February 15, 2008.  However, the records reflect
that the most recent incident summarized actually occurred over fourteen months
prior to the date of trial.  Therefore, while the evidence showed that
appellant had been diagnosed with a severe mental illness, no evidence
suggested the illness was recent.  See Brown v. State, 129 S.W.3d 762,
766 (Tex. App.CHouston [1st Dist.] 2004, no pet.) (finding no
evidence of recent incompetency where evidence showed mental, behavioral, and
cognitive impairments that did not occur within year of trial); Thompson v.
State, 915 S.W.2d 897, 902 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d) (holding that depression and suicide
attempts more than nine months prior to trial did not amount to recent severe
mental illness and did not trigger competency inquiry).

Moreover, appellant=s past history of
mental illness and bizarre behavior did not mandate a competency inquiry absent
evidence raising a bona fide doubt as to appellant=s present ability
to communicate or understand the proceedings.  See Lahood, 171 S.W.3d at
618; Brown, 129 S.W.3d at 766.  Appellant=s attorney offered
the evidence in the sentencing memorandum and through appellant=s mother in
mitigation of punishment.  At no point did the attorney complain of any
inability to communicate with appellant, and there is no indication in the
record that appellant=s behavior or comprehension during trial
were abnormal.  See Thompson, 915 S.W.2d at 902.  To the contrary, the
evidence produced at punishment was preceded by appellant=s lucid trial
testimony, which showed him to be communicative and capable of (1) addressing
the State=s accusations and evidence, (2) understanding the
charges, and (3) mounting a plausible defense based on his reasonable
alternative version of events and knowledge of medical terminology.  See
Ryan v. State, 937 S.W.2d 93, 106 (Tex. App.CBeaumont 1996,
pet. ref=d) (holding that
appellant=s trial testimony is a Agood barometer@ of competence); see
also McDaniel, 98 S.W.3d at 712 (noting, in reviewing whether evidence
raised bona fide doubt requiring competency inquiry, that lucid testimony on
the part of a defendant has often been viewed as important in determining that
defendant is competent to stand trial).








In support of his sole issue, appellant cites Greene v.
State, 225 S.W.3d 324, 329 (Tex. App.CSan Antonio
2007).  But as appellant points out, Greene=s trial testimony
was Aof the most
bizarre quality,@ and although the Greene court
noted the evidence of Greene=s schizophrenia, it ultimately held that AGreene=s trial
testimony should have alerted the trial court of the possibility that
Greene was incompetent.@  Id. at 329 (emphasis added).  Unlike
the situation presented in Greene, here appellant=s trial testimony
demonstrated that he was competent at trial, and the punishment evidence
regarding his past impairments was insufficient to create a bona fide doubt
mandating a competency inquiry.  We therefore hold that the trial court did not
abuse its discretion by failing to conduct such an inquiry sua sponte.  We
overrule appellant=s sole issue.

Having overruled appellant=s sole issue, we
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

Panel consists of
Justices Yates, Guzman, and Sullivan.  (Sullivan, J. concurring).

Publish C Tex. R. App. P. 47.2(b).