

# NUMBER 13-09-00578-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**SIMON ORTIZ,**  **Appellant,**

**v.**

**THE STATE OF TEXAS,**  **Appellee.**

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant Simon Ortiz appeals the revocation of his community supervision.  *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2009).  Following a plea of true at his revocation hearing, the trial court found that Ortiz committed violations of his terms of community supervision and assessed his punishment at five years' confinement.  By two

issues, which we renumber and reorganize as one, Ortiz complains that he received ineffective assistance of counsel at the revocation stage because his counsel failed to investigate his mental health history. We affirm.

## I. BACKGROUND

Ortiz was indicted for aggravated assault as follows:

> . . . on or about January 29, 2006, in Nueces County, Texas, [Ortiz] did then and there intentionally, knowingly, or recklessly cause bodily injury to Vawn Hue Hunter by striking Vawn Hue Hunter and did then and there use or exhibit a deadly weapon, to-wit: a hammer, during the commission of said assault . . . .

*See id.* Prior to trial, Ortiz's counsel filed a motion for psychiatric examination. In the motion, counsel contended that Ortiz was unable to assist in his own defense. On March 9, 2006, the motion for psychiatric evaluation was granted by the trial court. Raul Capitaine, M.D., a member of the American Board of Forensic Examiners, performed the evaluation on April 5, 2006, and submitted his findings to the trial court. Dr. Capitaine found Ortiz to be competent to stand trial and that medication was necessary to "attain or maintain competence." On April 19, 2006, Ortiz signed a plea agreement in which he pleaded guilty to aggravated assault and received seven years' community supervision. *See* TEX. CODE CRIM. PROC. Ann. art. 42.12 § 5 (Vernon Supp. 2009).

On August 18, 2009, the State filed a motion to revoke probation, alleging that Ortiz violated his probation by committing an assault in Harris County, Texas, on July 25, 2009. *See* TEX. PENAL CODE ANN. § 22.01 (Vernon Supp. 2009). On September 23, 2009, Ortiz requested that he be appointed an attorney because he did not have the means to retain one, and the court assigned Ortiz new counsel to represent him in the revocation proceeding.

On February 24, 2010, at his revocation hearing, Ortiz pleaded true to the allegations contained in the motion to revoke. The trial court found that Ortiz violated the terms of his community supervision, revoked Ortiz's probation, and sentenced Ortiz to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## II. STANDARD OF REVIEW & APPLICABLE LAW

For Ortiz to establish a claim of ineffective assistance of counsel, he must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that, but for his attorney's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). A reasonable probability is one that is sufficient to undermine confidence in the outcome of the case. *Id*. Whether the two-pronged test has been met depends upon the totality of the representation and is not determined by isolated acts or omissions. *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.).

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Jaynes*, 216 S.W.3d at 851. We presume that counsel gave his client reasonable professional assistance, and our review of counsel's representation is highly deferential. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (citing *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)); *Jaynes*, 216 S.W.3d at 851. For an appellant to defeat the presumption of reasonable professional assistance, an allegation of ineffectiveness "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Mallett*, 65 S.W.3d at

3

63 (citing *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999)). Generally, the trial record will be underdeveloped and will not adequately reflect the errors of trial counsel. *Thompson*, 9 S.W.3d at 813-14; *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). On direct appeal, a defendant cannot usually rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy because the record is normally silent as to counsel's decision-making process. *Strickland*, 466 U.S. at 688; *see Jaynes*, 216 S.W.3d at 851.

### III. DISCUSSION

By his sole issue on appeal, Ortiz complains that his counsel was ineffective because he failed to investigate Ortiz's mental health history prior to the hearing on the State's motion to revoke. It is Ortiz's contention that had his counsel investigated his mental health history, counsel would have discovered that Ortiz had been previously examined by a psychiatrist following a court-ordered competency evaluation in April 2006.

Ortiz argues that his mental defects were evident and that he was not able to understand the proceedings during his probation revocation hearing due to his mental illness. Ortiz refers this Court to two instances that occurred during the hearing where he gave incorrect answers to the trial court when he was allegedly confused. The first example occurred during the following exchange between the court and Ortiz:

[The Court]: Did you in fact sign the paperwork?

[Ortiz]: No.

[Ortiz's Counsel]: Oh, yeah, yeah, yeah.

[Ortiz]: Yes.

| | |
|---|---|
| [The Court]: | Okay.  Did anybody force you to sign it? |
| [Ortiz]: | No. |
| [The Court]: | And did anybody promise you anything to get you to sign it? |
| [Ortiz]: | No. |
| [The Court]: | Okay.  Did you sign everything here freely and voluntarily? |
| [Ortiz]: | Yes, sir. |

Ortiz contends that this example of him having to be reminded of the paperwork he had just signed shows that there was a clear lack of understanding on his part.

Moments later, Ortiz was asked another question by the court:

| | |
|---|---|
| [The Court]: | To the allegations in the motion to revoke, how do you plead, true or not true? |
| [Ortiz]: | Not true. |
| [Ortiz's Counsel]: | We went over – we went over this.  The assault. |
| [Ortiz]: | Okay. |
| [Ortiz's Counsel]: | And you told me it was true. |
| [Ortiz]: | True. |
| [The Court]: | Is anybody forcing you to plead true? |
| [Ortiz]: | No. |
| [The Court]: | And are you pleading true here freely and voluntarily? |
| [Ortiz]: | Yes. |

Ortiz argues that he forgot how he was pleading to the probation violation allegations and had to, again, be reminded by counsel to plead true.

Prior to his plea agreement for aggravated assault in 2006, Ortiz underwent a court-ordered competency hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004 (Vernon 2006). The opinion of Dr. Capitaine, the psychiatrist who evaluated Ortiz, was that medications were necessary to maintain Ortiz's competency and that he believed Ortiz was able to "[r]ationally understand the charges and potential consequences of the pending proceedings." Moreover, Dr. Capitaine noted that Ortiz was able to testify but that "[q]uestions may have to be repeated and phrased in basic language."

There is no evidence in the record that indicates whether Ortiz was medicated at the time of his plea bargain for the 2006 aggravated assault or at his probation revocation hearing on October 6, 2009, and we cannot guess as to the matter because ineffective assistance of counsel claims must be firmly established by the record, not built on retrospective speculation.[1] *See Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Because Ortiz did not file a motion for new trial on ineffective assistance of counsel grounds or elicit testimony concerning counsel's reasons for not seeking a competency hearing or ascertaining whether or not counsel made any investigation into Ortiz's mental health, there is no evidence in the record to suggest that the actions of Ortiz's revocation counsel were not the result of sound and reasonable trial strategy. *See Jaynes*, 216 S.W.3d at 855. Accordingly, Ortiz has not rebutted the strong presumption that his counsel

---

[1]Ortiz did not file a motion for new trial, and the appellate record is silent as to evidence regarding the strategy of Ortiz's counsel at his revocation hearing. In fact, we cannot assume that Ortiz's counsel did not investigate Ortiz's competency when the record is silent as to the depth of counsel's investigation. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)*; Brown v. State*, 129 S.W.3d 762, 767 (Tex. App.–Houston [1st Dist.] 2004, no pet.). Because Ortiz raised the ineffective assistance of counsel claim on direct appeal, his revocation counsel has not had the opportunity to respond to Ortiz's concerns; the reasonableness of the choices made by Ortiz's counsel may involve facts that do not appear in the appellate record. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Ortiz's counsel should be afforded an opportunity to explain his actions before being denounced as ineffective. *See id.* at 111.

provided professional and objectively reasonable assistance. *See Mallett*, 65 S.W.3d at 62; *Thompson*, 9 S.W.3d at 813. Because Ortiz has not established that his counsel's performance fell below an objectively reasonable standard, he has not met the first prong of *Strickland*.[2] *See Jaynes*, 216 S.W.3d at 855 (citing *Mallet*, 65 S.W.3d at 67). Ortiz's issue is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2010.

---

[2]Because Ortiz failed to meet the first prong of *Strickland*, we need not consider the second prong, that is, whether the result of the proceeding would have been different. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).