

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00071-CR

SHENERIKA EPPS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23-F-0990-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Shenerika Epps pled guilty to attempted evading arrest with a motor vehicle and, pursuant to a plea-bargain agreement with the State, was placed on deferred adjudication community supervision for three years. *See* TEX. PENAL CODE ANN. § 38.04 (Supp.). A modified term and condition of Epps's deferred adjudication community supervision required her to "serve a term not to exceed 24 months in the Recovery Center of Bowie County." The State alleged that Epps failed to comply with that term and condition and moved to adjudicate her guilt. After a hearing, the trial court found the State's allegation true, adjudicated Epps's guilt, and sentenced her to two years' imprisonment.

On appeal, Epps argues that her counsel rendered ineffective assistance during the adjudication hearing because counsel failed to present a defense or "call any witnesses in mitigation." Because a silent record, like the one in this case, will not support an alleged claim of ineffective assistance, we overrule Epps's sole point of error and affirm the trial court's judgment.

## I.      A Silent Record Will Not Support a Claim of Ineffective Assistance

### A.      Standard of Review

The Sixth Amendment to the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113 (Tex. App.—Texarkana 2022, no pet.). As many cases have noted, the right to counsel does not

mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, [687–88] . . . (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

"Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). "On direct appeal, the record is usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'" *Id.* (quoting *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). The Texas Court of Criminal Appeals "has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Id.*

Further, before we denounce trial counsel's actions as ineffective, counsel should normally be given an opportunity to explain the challenged actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When counsel has not been given an opportunity to explain the challenged actions, we will find deficient performance only when the conduct was

3

"so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Under the two-prong test to prove ineffective assistance of her counsel, Epps must show (1) that trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *See Strickland*, 466 U.S. at 687–95; *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986).

### B. Analysis

Under the first *Strickland* prong, "the defendant must prove, by a preponderance of the evidence, that there is . . . no plausible professional reason for a specific act or omission." *Bone*, 77 S.W.3d at 836. Accordingly, judicial scrutiny of counsel's performance must be highly deferential, and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). We apply a strong presumption that trial counsel was competent and presume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Also, when an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007) (citing *Thompson*, 9 S.W.3d at 814).

4

Epps complains that counsel rendered ineffective assistance by failing to present a defense but puts forth no argument of what that defense might have been, especially since her probation officer, Stephanie Ford, testified that Epps "signed an agreed modified order to go" to the Bowie County Women's Center but later refused to go. While it is true that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," *Strickland*, 466 U.S. at 691, we find no post-trial development of any assertions of ineffective representation, and "the record is silent as to what investigative steps counsel took and what conclusions he may have subsequently drawn," *Guillory v. State*, 652 S.W.3d 499, 505 (Tex. App.—Houston [14th Dist.] 2022, order on reh'g) (per curiam). As a result, "[w]e will not assume that counsel did not investigate a defense when the record is merely silent as to the depth of counsel's investigation." *Brown v. State*, 129 S.W.3d 762, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.). It is entirely possible that counsel thoroughly investigated the State's allegation and learned that Epps had no viable defense since she agreed to the modified term and condition and then decided not to comply with it.[1] We lack any basis in the record to conclude that counsel's actions were so outrageous that no competent attorney would have done the same.

---

[1]Epps complains of the questions that her trial counsel asked and suggests that her counsel was "acting as additional counsel for the State." We disagree. Counsel asked Epps if she was informed of the modified terms and conditions, and Epps said she "was not properly informed." While Epps admitted to signing the modified terms and conditions, her counsel's questioning allowed her to inform the trial court that she "didn't know no better." We do not believe that that questioning, which came after Ford's testimony, assisted the State. Rather, we view that line of questioning as an explanation that Epps signed a modified term without knowing what it entailed in the hopes of obtaining leniency from the trial court during punishment.

As for Epps's claim that counsel failed to present mitigating evidence, Epps fails to suggest what kind of evidence may have mitigated her punishment. Given the presumption of competence, it is plausible that counsel investigated but found no mitigating evidence.

Because we find that the silent record precludes a finding that Epps's counsel rendered ineffective assistance, we find that the first *Strickland* prong has not been met. As a result, we overrule Epps's sole point of error.

## II. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    October 6, 2025
Date Decided:    October 7, 2025

Do Not Publish