Ezra DONNELL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 09–04–178 CR, 09–04–179 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 13, 2004.

Decided Oct. 27, 2004.

Albert J. Charanza Jr., Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., James M. Yakovsky, Asst. Dist. Atty., Lufkin, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Ezra Donnell appeals convictions for arson and retaliation. The appellant entered open pleas of guilty. In Cause No. 24,045 (Appeal No. 09-04-178 CR), the trial court sentenced Donnell to thirty-five years of confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. In Cause No. 24,046 (Appeal No. 09-04-179 CR), the trial court assessed punishment at ten years of imprisonment. In three points of error, the appellant claims he was denied counsel at a critical stage of the proceedings, asserts he was not competent at the time of the offense, and contends trial counsel was ineffective. We affirm.

Donnell contends he was denied counsel during the time period for filing a motion for new trial. See Tex.R.App. P. 21.4(a). Once appointed, trial counsel represents an indigent defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or is replaced by another attorney. Tex.Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp.2004). Appointed counsel represent-

ed Donnell at trial. After the trial court sentenced the appellant on March 23, 2004, trial counsel did not request leave to withdraw. Donnell filed a pro se notice of appeal and request for appointment of new counsel on April 19, 2004. The trial court appointed appellate counsel the next day, April 20, 2004. Thus, Donnell was represented by counsel the entire thirty days after sentencing.

■ The appellant claims he was denied effective assistance of counsel for twenty-eight of the thirty days in which to file a motion for new trial. His argument is not supported by the record. Unless the record affirmatively shows otherwise, we must presume that the appellant's trial counsel continued to represent him and that counsel acted effectively. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex.Crim.App. 1998) (opinion on reh'g). When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected. *Id.* The pro se notice of appeal indicates Donnell was aware of some of his appellate rights, and we presume he was adequately counseled unless the record affirmatively displays otherwise. *Id.*

Donnell argues he rebutted the presumption because he had previously written to the judge and complained that his attorney had been coming to visit with him at the attorney's leisure, had talked to someone in the District Attorney's office, and had declined to file a motion for a reduction in pre-trial bond. These letters reveal nothing of counsel's actions during the period of time at issue, nor do they establish ineffective assistance during the period of time in which the letters were composed. We hold that appellant has failed to overcome the presumption that he was adequately represented by counsel during the time for filing a motion for new trial. Point of error one is overruled.

■ Point of error two urges "Appellant was not competent at the time of the offense." Donnell also argues he was not competent at the time of his plea. Insanity is an affirmative defense that must be formally noticed. Tex. Pen.Code Ann. § 8.01 (Vernon 2003); Tex.Code Crim. Proc. Ann. art. 46.03, § 2 (Vernon 1979 & Supp.2004). The appellant did not raise the defense of insanity at trial, and may not do so now. Tex.R.App. P. 33.1(a).

■ The appellant also argues the trial court should have conducted an inquiry into the appellant's competence. See Tex. Code Crim. Proc. Ann. art. 46B.004(c) (Vernon Supp.2004). During the plea proceeding, Donnell denied having ever been committed to a mental institution or to the care of a psychiatrist. The trial court asked Donnell if he understood the proceedings, if he knew the difference between right and wrong, if he understood all the questions the judge had asked, and if there was anything he wanted the judge to go over again or ask in a different way. When appellant made appropriate responses to the questions, the trial court found him to be competent. The trial court asked Donnell if he claimed the defense of insanity, and Donnell replied, "I guess not. I was trying to find my little girl and they wouldn't tell me where she was at. I mean, I don't understand that." On appeal, Donnell suggests this response should have alerted the judge to the possibility of an issue regarding competence. We disagree. The defendant appears to be explaining the chain of events resulting in the arson and retaliation prosecutions. Such a comment might be ineffective but is not irrational. We hold the trial court did not abuse its discretion in not conducting further inquiry into the competency of the accused. Point of error two is overruled.

The final point of error asserts ineffective assistance of counsel. The appellant has the burden of proving by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Any allegation of ineffective assistance must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999). The appellant must establish there is no plausible professional reason for a specific act or omission. *Bone v. State,* 77 S.W.3d 828, 836 (Tex.Crim.App.2002). In most cases, a silent record will not overcome the strong presumption of reasonable assistance. Thompson, 9 S.W.3d at 814. Appellant must also show that the deficient performance prejudiced the defense; that is, the appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). To successfully attack a guilty plea on ineffective assistance grounds, the appellant must show the alleged deficiencies caused his plea to be unknowing and involuntary. *Rodriguez v. State,* 899 S.W.2d 658, 666 (Tex.Crim.App.1995).

Donnell bases his complaint on counsel's failure to assert the insanity defense or to request the competency hearing, which is the issue presented in point of error two, on counsel's failure to withdraw so new counsel could be appointed, and upon counsel's failure to file a motion for bond reduction and to adequately communicate with his client. Testimony suggests the appellant experienced significant substance abuse and anger management issues, but the appellant does not direct our attention to evidence that would support an insanity defense or that would indicate Donnell was not mentally competent when he pleaded guilty. The appellant testified at length, and was able to communicate clearly, if not convincingly, about his behavior and his rationalizations for that behavior.

Appellant does not explain what evidence would have been adduced at a hearing on a motion for new trial, had counsel withdrawn and new counsel been appointed. Our record does not reveal the nature and extent of the communication between trial counsel and client, although the letters in the record suggest there had indeed been communication between the two, and that Donnell did not like what he heard. The record does include testimony that during book-in, the appellant called his father, asked to be bonded out, and indicated he intended to shoot his mother-in-law in the head. There is substantial testimony of violent and threatening behavior towards the appellant's ex-wife and her family, and testimony that the appellant removed his prosthetic leg and used it to smash a window in the jail. It appears his prospects for a bond reduction were not good. We hold that Donnell failed to establish that counsel was ineffective. Point of error three is overruled. The judgments are affirmed.

AFFIRMED.