Affirmed and Memorandum Opinion filed August 15, 2006








Affirmed and Memorandum Opinion filed August 15, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00356-CR

NO. 14-05-00357-CR

____________

 

CLAYTON TULLOS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1003376
and 1003377

 



 

M E M O R A N D U M   O P I N I O N

Appellant Clayton Tullos asserts that the trial court erred
in accepting his pleas of guilty in two aggravated assault cases and proceeding
to sentencing without sua sponte ordering a mental competency hearing.  We
affirm. 








I.  Factual and Procedural
Background

Appellant was charged with the felony offense of aggravated
assault in two separate cause numbersB1003376 and
1003377.  Appellant pleaded guilty to both charges without an agreed
recommendation from the State as to punishment in either case.  A pre-sentence
investigation report was prepared and submitted to the trial court in both
cases.  The trial court found appellant guilty as charged in both cases, and
assessed punishment at three years= confinement in
each case, for a total of six years= confinement. 

II. Issue Presented

In a single issue, appellant contends that the trial court
abused its discretion in failing to sua sponte inquire into his competency
prior to sentencing because he had a history of mental illness, was not stable
unless on medication, and allegedly had difficulty understanding the
proceedings.

III. Analysis 








We review a trial court=s failure to
conduct a competency inquiry under an abuse-of-discretion standard.  Moore
v. State, 999 S.W.2d 385, 393 (Tex. Crim. App.); LaHood v. State, 171
S.W.3d 613, 617B18 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  A person is presumed competent to stand trial and shall
be found competent to stand trial unless proven incompetent by a preponderance
of the evidence.  Tex. Code Crim. Proc.
Ann. art. 46B.003(b) (Vernon Supp. 2004‑05) (formerly codified at Tex. Code Crim. Proc. Ann. Art. 46.02
(Vernon 1979)).  A defendant is incompetent to stand trial if he does not have
(1) sufficient present ability to consult with his attorney with a reasonable
degree of rational understanding, or (2) a rational and factual understanding
of the proceedings against him.  Id.  art. 46B.003(a).  When, as in this
case, a defendant pleads guilty, the trial court is not required to hear
evidence concerning competency unless the issue is raised at that time.   See
Kuyava v. State, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976); Godoy v.
State, 122 S.W.3d 315, 320 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d).  Article 46B.0004 of the Code of
Criminal Procedures provides, in pertinent part, as follows: 

(a) Either party may suggest by motion, or the trial court may suggest
on its own motion, that the defendant may be incompetent to stand trial. A
motion suggesting that the defendant may be incompetent to stand trial may be
supported by affidavits setting out the facts on which the suggestion is made.

(b) If evidence suggesting the defendant may be incompetent to stand
trial comes to the attention of the court, the court on its own motion shall
suggest that the defendant may be incompetent to stand trial.

(c) On suggestion that the defendant may be incompetent to stand trial,
the court shall determine by informal inquiry whether there is some evidence
from any source that would support a finding that the defendant may be
incompetent to stand trial.

 

Tex. Code Crim. Proc. Ann. Art. 46B.004
(Vernon Supp. 2005).  A Acompetency,@ inquiry is
required only if the evidence brought to the judge=s attention raises
a bona fide doubt in the judge=s mind about the defendant=s competency to
stand trial.  Id. art. 46B.004;  McDaniel v. State, 98 S.W.3d
704, 710 (Tex. Crim. App.  2003).  A Abona fide doubt@ is a Areal doubt in the
judge=s mind as to the
defendant=s competency.@  Mata v. State, 632 S.W.2d 355,
358 (Tex. Crim. App. 1982).  In the inquiry, the court must determine whether
there is Asome evidence@ to support a
finding of incompetency, and, if the court so finds, it then must commence a
hearing.  McDaniel, 98 S.W.3d at 710; see also Tex. Code Crim. Proc. Ann. arts.
46B.005(b), 46B.051. The requirements of each step must be fulfilled before the
next step becomes applicable.  McDaniel, 98 S.W.3d at 710‑11. 
Evidence capable of creating a bona‑fide doubt about a defendant=s competency may
come from the trial court=s own observations, known facts, evidence
presented, motions, affidavits, or any other credible source.  Brown v.
State, 129 S.W.3d 762, 765 (Tex. App.CHouston [1st
Dist.] 2004, no pet.).  If evidence warrants a competency hearing, and the
trial court denies such a hearing, the defendant is deprived of his
constitutional right to a fair trial.  See Pate v. Robinson, 383 U.S.
375, 385, 86 S.Ct. 836, 945, 15 L.Ed.2d 815 (1966). 








When the record does not demonstrate that a defendant
lacked ability to consult with his counsel or ability to comprehend the
proceedings factually and rationally, an appellate court will not conclude a
trial court abused its discretion by not conducting a competency inquiry.  McDaniel,
98 S.W.3d at 712.  A defendant=s mere assertion
that he is incompetent, without supporting facts or evidence, is not sufficient
to require a sua sponte competency inquiry.  Id.  Likewise, evidence of
a defendant=s drug addiction, depression, or attempt at suicide
can be insufficient to raise a bona fide dispute concerning the defendant=s competency to
stand trial.  See Moore v. State, 999 S.W.2d 385, 395 (Tex. Crim. App.
1999) (holding that defense counsel=s comments on
defendant=s courtroom outbursts and unspecified allegations of
difficult communication with defendant were insufficient to require competency
hearing); Reeves v. State, 46 S.W.3d 397, 399B40 (Tex. App.CTexarkana, 2001,
pet. dism=d) (concluding that although there was evidence
regarding defendant=s drug addiction and a suicide attempt,
this evidence did not reflect on her ability to understand or participate in
the proceedings on that day).  Similarly, a defendant=s memory gaps
concerning the events of a crime do not necessarily give rise to a bona fide
dispute concerning competency.  See Jackson v. State, 548 S.W.2d 685,
691 (Tex. Crim. App. 1977). 

Nothing in the record of appellant=s plea hearing
triggered a duty in the trial court to conduct a competency hearing. The trial
court=s questions to
appellant and appellant=s responses show that appellant understood
the charged offenses, had signed each of the waivers of his right to a jury
trial, realized the full range of sentences and fines that could be assessed as
punishment for each offense, and that he still wished to plead guilty to the
charged offenses.  








Appellant contends that the testimony by Carol Morgan at
the sentencing hearing raised a bona fide doubt as to appellant=s competency.  Ms.
Morgan testified that appellant suffered from chronic schizophrenia and that
three weeks before the charged offenses, he was undergoing treatment at the
Harris County Psychiatric Center.  She further testified that appellant did not
appear to be completely stable when he was released from the center.  Although
appellant may have been on psychiatric medication and had a history of mental
problems, we cannot conclude from the record that this condition affected his
ability to communicate with his attorney or to understand proceedings against
him at the time he actually entered his guilty pleas.  

At the end of the sentencing hearing, the court gave
appellant the opportunity to speak and he offered a few words in his own
defense.  When asked by the court why he pleaded guilty, appellant stated, ABecause, I felt
that I was stressed from my work; and plus, I had to go get my medication; and
then, I am there; it=s just a big problem living around
family... .@  Appellant=s statements do
not reflect a lack of understanding on his part. His response, though
inarticulate, indicates that he comprehended the question.  His answer, though
ineffective, was not irrational and was not the type of response that would
have alerted the trial judge to question his competency.  See Donnell v.
State, 148 S.W.3d 674, 676 (Tex. App.CBeaumont 2004, no
pet.) (finding that although statements by defendant may have been ineffective,
they were not irrational and did not necessarily alert the trial court to the
possibility of an issue regarding competence).  The record, taken as a whole,
also shows that appellant understood the proceedings, as well as the trial
court=s statements and
his counsel=s recommendations. 








Nothing in the
record raised a bona fide doubt as to appellant=s competence.   See
Brown, 129 S.W.3d at 766 (concluding the evidence that defendant had
history of mental and behavioral impairments, that he had been diagnosed with
Attention Deficit Hyperactivity Disorder, that he previously had been treated
with various medications, and that he suffered inability to recall past events
or circumstances of robbery, did not create bona‑fide doubt about
defendant=s competency to stand trial for aggravated robbery, so
as to warrant a competency inquiry).  Therefore, we conclude the trial court
did not err in failing to sua sponte order a mental competency hearing.  We
overrule appellant=s sole issue on appeal and affirm the
judgments of the trial court.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 15, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).