In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-271 CR


 ______________________


 

JORGE GRANADOS RODRIGUEZ, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 06-01-00525 CR






MEMORANDUM OPINION


 Jorge Granados Rodriguez pled guilty, without an agreed recommendation as to
punishment, to attempted capital murder. See Tex. Pen. Code Ann. § 15.01(a) (Vernon
2003); Tex. Pen. Code Ann. § 19.03(a)(2) (Vernon Supp. 2006). In this appeal, Rodriguez
argues he was deprived of counsel during the critical time for filing and presenting a motion
for new trial. The record reflects he was represented by counsel and a motion for new trial
was filed. We affirm the trial court's judgment.

 On May 18, 2006, the trial court sentenced Rodriguez to thirty years in prison. 
Rodriguez was represented by appointed counsel. The record does not contain a motion to
withdraw by trial counsel. On June 16, Rodriguez filed a pro se notice of indigence and
requested appointment of appellate counsel. On the same day, the trial court appointed
appellate counsel. Because the June 18 deadline for filing a motion for new trial was on a
Sunday, the deadline was tolled until Monday, June 19. See Tex. R. App. P. 4.1(a), 21.4(a).
On June 19, appellate counsel filed a timely motion for new trial, asserting the "verdict" was
"contrary to the law and the evidence," a new trial should be granted in the interest of justice, 
"and for such other reasons that may arise on the hearing," Rodriguez requested a new trial. 
On July 13, appellate counsel filed an untimely amended motion for new trial, adding the
ground of ineffective assistance of counsel. (1) See Tex. R. App. P. 21.4(b). The trial court
held a hearing on the motion for new trial on July 27. After hearing testimony from the
appellant, the trial court denied the request for a new trial. 

 On appeal, Rodriguez argues that trial counsel was ineffective because counsel failed
to file any post-judgment motions or a notice of appeal, and did not adequately advise him
of his appellate rights. There is a rebuttable presumption that trial counsel acted effectively. 
See Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); Donnell v. State, 148
S.W.3d 674, 676 (Tex. App.--Beaumont 2004, no pet.). To rebut the presumption, the record
must affirmatively show appellant was not adequately counseled. See Oldham, 977 S.W.2d
at 363. 

 The record reflects that Rodriguez was represented by counsel at all relevant times. 
Trial counsel never withdrew from the case, and was counsel of record until Rodriguez
requested and received appointment of appellate counsel. The fact that Rodriguez filed a pro
se request for appellate counsel indicates he was informed of his appellate rights. See id.
(noting that appellant's filing of pro se notice of appeal was evidence that she had been
informed of some of her appellate rights). Although trial counsel did not file any post-judgment motions or a notice of appeal, this fact alone does not rebut the presumption of
effective counsel. See id. Furthermore, appellate counsel filed a post-judgment motion and
a timely notice of appeal, and we presume appellate counsel adequately counseled Rodriguez. 
Appellant does not argue on appeal any other reason his trial counsel was ineffective. He
does not raise the issues presented at the hearing on his motion for new trial. Rodriguez has
not met his burden to affirmatively demonstrate from the record that he was ineffectively
represented during the time period for filing and presenting a motion for new trial, or that he
was harmed by the alleged ineffectiveness. 

 Rodriguez also argues that appellate counsel had inadequate time in which to
investigate, research, and file the motion for new trial. Rodriguez requests that we "abate
the appeal and remand the case to the trial court for consideration of an out-of-time motion
for new trial." Appellate counsel was appointed on Friday, June 16, three days before the
June 19 deadline. The original motion was broadly worded. Counsel had sufficient time
between the filing of the original motion for new trial and the hearing to develop evidence
in support of the motion and to contact potential witnesses. At the hearing on the motion,
without any objection from the State, the trial court heard the testimony offered concerning
appellant's ineffective assistance of counsel claims. Although the trial court denied the
amended motion for new trial, the order reflects the court did so "[a]fter listening to the
testimony and arguments of counsel[.]" 

 Appellant was not deprived of counsel during the critical time for filing and
presenting a motion for new trial. Appellant's sole issue is overruled. The trial court's
judgment is affirmed.


 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 31, 2007

Opinion Delivered May 16, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The amended motion asserted ineffectiveness as follows: 

 The Defendant was denied [e]ffective assistance of counsel. See Tex.
R. App. P. 21.3. The Defendant provided trial counsel with the names and
phone numbers of witnesses who he wanted to testify at his hearing. Counsel
failed to call any witnesses on his behalf and offered no evidence. Trial
counsel did not seek to have the statement given by Defendant suppressed due
to the failure of law enforcement to notify Defendant of his right to speak with
the Consulate of Mexico prior to him giving a statement to detectives. Trial
counsel did not contest the translation of Defendant's written statement from
Spanish to English, however the translation was not correct. Trial counsel
failed to adequately explain the terms of the plea bargain agreement to
Defendant. Defendant believed that the charge of Attempted Capital Murder
was being dismissed and he was pleading guilty to Aggravated Robbery. 

Appellant does not argue any of these grounds in this appeal. See Tex. R. App. P. 38.1(e).