NO.
12-07-00193-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JOHNNY LAKEITH SUELL,          §                      APPEAL FROM THE 123RD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SHELBY COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Johnny
Lakeith Suell appeals his conviction for delivery of a controlled
substance.  In one issue he argues that
his conviction must be reversed because he was entrapped.  We affirm.            Entrapment
is an affirmative defense and is established if a defendant can persuade[1]








 the finder of fact
that he was induced to commit the offense by a law enforcement agent using
persuasion or other means likely to cause a person to commit the offense.  Tex.
Penal Code Ann. § 8.06(a) (Vernon Supp. 2007).  However, a defendant must either object to
the court’s charge that does not contain an instruction on the defense or make
a specific request for an instruction on the matter to preserve appellate
review of issues relating to an affirmative defense.  See Robert v. State, 613 S.W.2d
291, 293 (Tex. Crim. App. 1981); Scranton v. State, No.
14-98-00308-CR, 2000 Tex. App. LEXIS 3750, *8–9 (Tex. App.–Houston [14th Dist.]
2000, no pet.) (mem. op., not designated for publication) (“Appellant did not
request a jury instruction on the issue, and he cannot raise entrapment for the
first time on appeal.”); cf. Donnell v. State, 148 S.W.3d
674, 676 (Tex. App. Beaumont 2004, no pet.) (Insanity defense may not be
interposed for the first time on appeal) (citing Tex. R. App. P. 33.1); see also Rogers v. State,
105 S.W.3d 630, 639–40 (Tex. Crim. App. 2003) (“To preserve
possible error for appellate review, the defendant must sufficiently identify
the defensive theory for which he seeks an instruction.”).

            In this
case, Appellant did not present an entrapment defense.  He did not object to the jury charge, which
did not contain instructions on the law of entrapment.  He did not request a jury instruction on the
issue of entrapment.  Therefore, he may
not complain for the first time on appeal that the State failed to negate the
affirmative defense.[2] 
We overrule Appellant’s sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

 

 

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

Opinion
delivered March 31, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Under Texas law, when a defendant raises the defense of entrapment at trial, he
has the burden of producing evidence to establish every element of that
defense. He must present a prima facie case that 1) he engaged in the conduct
charged, 2) because he was induced to do so by a law enforcement agent, 3) who
used persuasion or other means, and 4) those means were likely to cause persons
to commit the offense.  Hernandez
v. State, 161 S.W.3d 491, 497–98 (Tex. Crim. App. 2005).  Once the defense makes a prima facie showing
of each element, the State then has the burden of persuasion to disprove
entrapment beyond a reasonable doubt.  Id.






[2]
Another way to analyze Appellant’s argument is as an attack on the sufficiency
of the evidence.  Thus repackaged,
Appellant’s argument is that the State failed its burden of persuasion with
respect to his entrapment defense. 
However, since Appellant did not raise the defense of entrapment in the
trial court, and therefore did not present a prima facie case, the State was
not required to carry a burden of persuasion on the issue.